SHEPPARD MULLIN RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
JOHN A. YACOVELLE, Cal. Bar No. 131781
MARISA B. MILLER, Cal. Bar No. 270860
12275 El Camino Real, Suite 200
San Diego, California 92130
Telephone: 858-720-8900
Facsimile:  858-509-3691

JONATHAN D. MOSS, Cal. Bar No. 252376
333 South Hope Street, 48th Floor
Los Angeles, California 90071-1448
Telephone: 213-620-1780
Facsimile:  213-620-1398
E-mail:    jyacovelle@sheppardmullin.com
           mmiller@sheppardmullin.com
           jmoss@sheppardmullin.com

Attorneys for Plaintiffs and Cross-Defendants
HELO ENERGY, LLC, SAND CANYON OF
TEHACHAPI, LLC, SAUGATUCK ENERGY, LLC
and DAVID MURPHY

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| HELO ENERGY LLC, a Delaware limited liability company, SAND CANYON OF TEHACHAPI, LLC, a California limited liability company, and SAUGATUCK ENERGY, LLC, a Connecticut limited liability company,<br><br>           Plaintiffs,<br><br>    v.<br><br>JEFREY HOGGAN, an individual, KENT A. HOGGAN, an individual, HEATHER K. KANN, an individual, DAVID L. PITCHER, a/k/a "David Lawrence," an individual, EAGLE ENERGY, LLC, a Utah limited liability company, GLJ, LLC, a Utah limited liability company, SOUTHERN CALIFORNIA EDISON COMPANY, a California corporation, and DOES 1 through 10, inclusive,<br><br>           Defendants. | Case No. CV14-06648-DSF (ASx)<br><br>Assigned to Hon. Alka Sagar for Purposes of Discovery<br><br>**SECOND AMENDED [~~PROPOSED~~] STIPULATED PROTECTIVE ORDER BETWEEN PLAINTIFFS AND THIRD PARTY SOUTHERN CALIFORNIA EDISON COMPANY**<br><br>Complaint Filed: March 28, 2012<br><br>FAC Filed:       July 24, 2014<br><br>Notice of Removal<br>Filed:           August 25, 2014 |

| | |
|---|---|
| 1 | GLJ, LLC, a Utah limited liability company, |
| 2 | |
| | Cross-Complainant, |
| 3 | v. |
| 4 | HELO ENERGY, LLC, a Delaware limited liability company, SAND CANYON OF TEHACHAPI, LLC, a California limited liability company, SAUGATUCK ENERGY, LLC, a Connecticut limited liability company, RAR ENERGY CONSULTING, LLC, a California limited liability company, FISHCREEK CAPITAL FUNDING L.P., a business entity of form unknown, and ROES 1 through 50, inclusive, |
| 5 | |
| 6 | |
| 7 | |
| 8 | |
| 9 | |
| 10 | Cross-Defendants. |
| 11 | EAGLE ENERGY, LLC, a Utah limited liability company, |
| 12 | |
| | Cross-Complainant, |
| 13 | v. |
| 14 | RUDY SAENZ, an individual, DAVID MURPHY, an individual, MIKE CLARY, an individual, LIGHTWAVE TECHNOLOGIES, INC., LIGHTWAVE ENERGY, LLC, HELO ENERGY, LLC f/k/a SAN CANYON HOLDCO, LLC a/k/a SC HOLDCO, LLC, SAUGATUCK ENERGY, LLC, RAR CONSULTING, LLC, RICHARD REDOGLIA, an individual, DYNAMIC ENERGY PARTNERS, LLC, GLJ, LLC, HEATHER KANN, an individual, and ROES 1 through 50, inclusive, |
| 15 | |
| 16 | |
| 17 | |
| 18 | |
| 19 | |
| 20 | |
| 21 | Cross-Defendants. |
| 22 | |
| 23 | |
| 24 | |
| 25 | |
| 26 | |
| 27 | |
| 28 | |

SMRH:.1

\LA - 063796/000134 - 1105070 v1

SECOND AMENDED STIPULATED PROTECTIVE ORDER

# STIPULATED PROTECTIVE ORDER

On March 28, 2012, Plaintiffs Helo Energy, LLC, Sand Canyon of Tehachapi, LLC and Saugatuck Energy, LLC (collectively, "Plaintiffs") filed this action in Los Angeles County Superior Court against various defendants, including Southern California Edison Company ("SCE"), relating to the development of a wind farm in Tehachapi, California.  Plaintiffs allege that SCE breached its power purchase and sale agreement ("PPSA") with Sand Canyon of Tehachapi, LLC ("Sand Canyon") to purchase power from the wind farm.  Plaintiffs assert separate fraud claims against the other defendants for alleged misrepresentations concerning the condition and viability of the wind farm.  Plaintiffs and the other defendants also disagree about which party actually owns and controls Sand Canyon.

On May 14, 2012, SCE petitioned the trial court to compel arbitration of Plaintiffs' claims against it based upon the PPSA's arbitration provision.  The court denied SCE's petition and ordered those claims to be litigated in court.  SCE subsequently appealed the decision, which triggered an automatic stay of this proceeding pending the outcome of the appeal.

On October 15, 2013, the California Court of Appeal reversed the trial court's order, holding that Plaintiffs' claims against SCE should be arbitrated.  At the parties' request, the trial court on remand lifted the stay as to the claims between Plaintiffs and the other defendants and stayed the arbitration on Plaintiffs' claims against SCE until ownership and control of Sand Canyon had been established through a finding of fact in that litigation.  The trial court gave Plaintiffs leave to apply to lift the stay of arbitration for good cause at any time, without limitation.

Given that Plaintiffs' claims against SCE must be arbitrated, SCE is actually a third party to this litigation.

WHEREAS, on or about June 18, 2014, Plaintiffs served a third party Deposition Subpoena for Production of Business Records on SCE in Los Angeles

Superior Court seeking documents related to their claims against the other defendants;

WHEREAS, on or about August 25, 2014, this case was removed to the United States District Court;

IT IS HEREBY STIPULATED AND AGREED, by and among counsel for Plaintiffs and third party SCE, and subject to the approval of the Court, that the following Stipulated Protective Order ("Order") shall govern the designation, disclosure, and use of information, documents, or things produced by SCE in this case. In order to protect confidential information obtained by Plaintiffs in this case, the parties to this Order, by and through their respective undersigned counsel and subject to the approval of the Court, hereby agree as follows:

## A. PURPOSES AND LIMITATIONS

SCE's document production in response to the subpoena is likely to involve confidential, proprietary, or private information for which special protection from public disclosure and use for any purpose other than prosecuting this litigation may be warranted. Accordingly, Plaintiffs and SCE hereby stipulate to and petition the Court to enter the following Order. SCE and Plaintiffs acknowledge that this Order protects only the limited information that is entitled to confidential treatment under applicable legal principles. Plaintiffs and SCE further acknowledge that the existence of this Order does not, in itself, provide a basis upon which to file confidential information under seal. Rather, Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the Court to file materials under seal.

## B. GOOD CAUSE STATEMENT

SCE's document production in response to the subpoena is likely to contain, reveal or reflect its own confidential business information or that of a third party, including, but not limited to, competitive pricing and financial information, transaction terms, and regulatory information that is not publicly known; as well as

other information or materials prohibited from public disclosure by SCE's tariffs. Accordingly, to expedite the flow of information, to facilitate the prompt resolution over confidentiality of materials, to adequately protect information that SCE is entitled to keep confidential, to ensure that Plaintiffs are permitted reasonable necessary uses of such material in preparation for and the conduct of trial, to address their handling at the end of the litigation and serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of SCE and Plaintiffs that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public matter, and there is good cause why it should not be part of the public record of this case.

### Part One: Use Of Confidential Materials In Discovery

1. SCE may designate as "Confidential" (by stamping the relevant document or as otherwise set forth herein) any document that it considers in good faith to contain, reveal or reflect its own confidential business information or that of a third party, including, but not limited to, competitive pricing and financial information, transaction terms, and regulatory information that is not publicly known; as well as any other information or materials prohibited from public disclosure by SCE's tariffs. SCE may also redact any "Confidential" information of unrelated third parties in documents that it produces. Plaintiffs retain the right to challenge any such redaction as set forth in Paragraphs 8 and 9 of this Order. Any use of protected material at trial shall be governed by the orders of the trial judge. This Order does not govern the use of protected material at trial.

2. SCE may also designate information disclosed during a deposition as "Confidential" by so indicating on the record at the deposition and requesting the preparation of a separate transcript of such material. In addition, SCE may designate in writing, within thirty (30) calendar days after receipt of said deposition transcript for which the designation is proposed, that specific pages of the transcript be treated

as "Confidential." Only the portions of the testimony that are designated for protection during the deposition, or within 30 calendar days after receipt of the deposition transcript, shall be covered by the provisions of this Order. After any confidentiality designation made according to the procedure set forth in this paragraph, the designated documents or information shall be treated accordingly until any dispute over the designation is resolved by the procedures described in Paragraphs 8 and 9 of this Order, and counsel for the parties to this Order shall be responsible for marking all previously unmarked copies of the designated material in their possession or control with the specified designation.

3. All "Confidential" information produced by SCE during this litigation shall be used by Plaintiffs solely for the purpose of this case or, where permissible, in a subsequent arbitration proceeding between Plaintiffs and SCE over the termination of the PPSA. "Confidential" information shall not be used for any commercial, competitive, personal, or other purpose.

4. Except with SCE's prior written consent, or upon prior order of the Court obtained upon notice to SCE, Plaintiffs shall not disclose "Confidential" information to any person other than:

    (a)    their counsel and their counsel's employees, to the extent such disclosure is necessary for the prosecution or defense of this case;

    (b)    their officers or employees, to the extent such disclosure is necessary for the prosecution or defense of this case;

    (c)    consultants or expert witnesses that they retain for the prosecution or defense of this case, provided that each such person shall execute a copy of the Certification attached to this Order as Exhibit A (which Plaintiffs' counsel shall retain and make available for inspection by SCE's counsel during the pendency or after the termination of the case only upon good

cause shown and upon order of the Court) before being shown or given any "Confidential" information;

(d) the parties to this action and their counsel;

(e) any authors or recipients of the "Confidential" information;

(f) the Court, court personnel, and court reporters;

(g) deposition witnesses, who, if not otherwise described in Paragraph 4 of this Order, shall sign the Certification before being shown a "Confidential" document. At SCE's request, the portion of the deposition transcript involving the "Confidential" information shall be designated "Confidential" pursuant to Paragraph 2 of this Order. Deposition witnesses shown "Confidential" information shall not be allowed to retain copies; and

(i) any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties and/or SCE, engaged in settlement discussions; provided that any such person execute a copy of the Certification attached to this Order as Exhibit A (which Plaintiffs' counsel shall retain and make available for inspection by SCE's counsel during the pendency or after the termination of the case only upon good cause shown and upon order of the Court) before being shown or given any "Confidential" information.

5. Any persons receiving "Confidential" information shall not reveal or discuss such information to or with any person who is not entitled to receive such information, except as set forth herein. If Plaintiffs or their representatives, including counsel, inadvertently disclose any "Confidential" information to persons who are not authorized to use or possess such material, Plaintiffs shall immediately notify

SCE of the disclosure in writing. If Plaintiffs have actual knowledge that "Confidential" information is being used or possessed by a person not authorized to use or possess that material, regardless of how the material was disclosed or obtained by such person, they shall provide immediate written notice of the unauthorized use or possession to SCE.

6. If any court or administrative agency subpoenas or orders Plaintiffs to produce documents or information that SCE has designated as "Confidential," Plaintiffs shall promptly notify SCE of the issue and provide SCE's counsel a copy of the subpoena or order. SCE (the designating party) shall bear the burden and expense of seeking protection of its "Confidential" material and nothing in these provisions should be construed as authorizing or encouraging a party or non-party in this action who has received such a request to disobey a lawful directive from another court.

7. SCE may voluntarily disclose its "Confidential" information to others without restriction, although any document containing such "Confidential" information will lose its confidential status if it is made public. Such documents will not lose their confidential status, however, if they are made public through no fault of SCE. If SCE produces materials designated "Confidential" in compliance with this Order, that production shall be deemed to have been made consistent with any confidentiality or privacy requirements mandated by local, state or federal laws.

8. If, after conferring with SCE about their concerns in good faith, Plaintiffs still contend that any document or material designated "Confidential" is not entitled to such treatment, they may give SCE written notice to that effect. SCE shall then have twenty (20) calendar days from the receipt of such written notice to seek an order from the Court designating the material "Confidential." SCE has the burden of establishing that the document is entitled to protection. Any party or non-party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order. The challenging party shall initiate the dispute resolution

process under Local Rule 37.1 et seq. The burden of persuasion in any such challenge shall be on the designating party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the challenging party to sanctions.

9. Notwithstanding any challenge to the designation of material as "Confidential," all documents with that designation shall be treated as such and shall be subject to the provisions herein unless and until one of the following occurs:

    (a) SCE withdraws the "Confidential" designation in writing or voluntarily makes the material public; or

    (b) SCE fails to seek an order from the Court designating the material confidential within the time period specified above after receipt of a written challenge to such designation; or

    (c) the Court rules the material is not "Confidential" information.

10. All provisions of this Order restricting the communication or use of "Confidential" information shall continue to be binding after the conclusion of this case, unless otherwise agreed or ordered. Upon the conclusion of this case or any arbitration between Plaintiffs and SCE over the termination of the PPSA, whichever is later, Plaintiffs shall either (a) return all "Confidential" documents in their possession to SCE within thirty (30) calendar days, or (b) destroy such documents within that time period upon SCE's written consent and notify SCE in writing that the documents have been destroyed. Any material designated "Confidential" that is not returned or destroyed remains "Confidential" and subject to this Order.

11. Nothing herein shall be deemed to waive any applicable privilege or work product protection, or to affect SCE's ability to seek relief for an inadvertent disclosure of material protected by privilege or work product protection.

12. The provisions of this Order may be modified at any time by stipulation of the parties and approval by order of the Court, or upon Motion for good cause shown.

## Part Two: Use of Confidential Materials in Court

The following provision governs the treatment of "Confidential" information used at trial or submitted as a basis for adjudication of matters other than discovery motions or proceedings.

    13. If Plaintiffs seek to file with the Court, or seek to use at trial, any materials that SCE designated as "Confidential," they shall do so by filing a motion or application to seal said "Confidential" materials pursuant to Local Rule 79-5.1. Plaintiffs shall provide SCE a courtesy copy of any such motion or application at the time of the filing. If a party's request to file material subject to this Protective Order under seal is denied by the Court, then the receiving party may file the information in the public record unless otherwise instructed by the Court.

IT IS SO STIPULATED.

Dated: December 15, 2014        SHEPPARD MULLIN RICHTER & HAMPTON LLP

By: /s/ Jonathan D. Moss
    Jonathan D. Moss

Attorneys for Plaintiffs
HELO ENERGY, LLC, SAND CANYON OF TEHACHAPI, LLC, SAUGATUCK ENERGY, LLC and DAVID MURPHY

Dated: December 15, 2014        HOGAN LOVELLS US LLP

By: /s/ James J. Ward
    James J. Ward

Attorneys for Third Party
SOUTHERN CALIFORNIA EDISON COMPANY

## Attestation Regarding Signatures

I, Jonathan D. Moss, attest that all signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

DATED: December 15, 2014        /s/ Jonathan D. Moss
    JONATHAN D. MOSS

**FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.**

Dated: December 16, 2014        / s /
    Honorable Alka Sagar
    United States Magistrate Judge

# EXHIBIT A

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HELO ENERGY LLC, a Delaware limited liability company, SAND CANYON OF TEHACHAPI, LLC, a California limited liability company, and SAUGATUCK ENERGY, LLC, a Connecticut limited liability company,<br><br>Plaintiffs,<br>v.<br>JEFREY HOGGAN, an individual, KENT A. HOGGAN, an individual, HEATHER K. KANN, an individual, DAVID L. PITCHER, a/k/a "David Lawrence," an individual, EAGLE ENERGY, LLC, a Utah limited liability company, GLJ, LLC, a Utah limited liability company, SOUTHERN CALIFORNIA EDISON COMPANY, a California corporation, and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. CV14-06648-DSF (ASx)<br><br>Assigned to Hon. Alka Sagar for Purposes of Discovery |
| And All Related Cross-Claims. | |

# DECLARATION OF COMPLIANCE

I, (print or type full name) _____, declare under penalty of perjury under the laws of the State of California that the following statements are true and correct:

I reside in _____ County, in the state of _____. I am employed by (state name and address of employer) _____ as (state position) _____.

1. I have read the Stipulated Protective Order between Plaintiffs and third party Southern California Edison Company ("Order") in this proceeding, a copy of which has been given to me.

2. I understand and agree to comply with and be bound by the provisions of the Order upon receipt of any "Confidential" information, document, or thing.

3. I will be personally subject to the Order and all of its requirements and procedures, and will be subject to the Court's jurisdiction for enforcement of the Order.

Executed at _____ on this _____ day of _____, _____.

_____
(Signature)

1. I have read the Stipulated Protective Order between Plaintiffs and third party Southern California Edison Company ("Order") in this proceeding, a copy of which has been given to me.

2. I understand and agree to comply with and be bound by the provisions of the Order upon receipt of any "Confidential" information, document, or thing.

3. I will be personally subject to the Order and all of its requirements and procedures, and will be subject to the Court's jurisdiction for enforcement of the Order.

Executed at _____ on this _____ day of _____, _____.

_____
(Signature)